IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**STALIN SIMON,**

    **Movant,**

v.                                  **Case No. 2:07-cv-00408**
                                  **Case No. 2:89-cr-00262**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On June 28, 2007, Movant, Stalin Simon (hereinafter "Defendant") filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket sheet document # 70). Defendant has also filed an Affidavit (# 71) and a Memorandum of Law (# 72) in support of his motion. This matter is assigned to the Honorable David A. Faber, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the motion and all related materials shall be examined promptly, and if it plainly appears from the face of the motion that the movant is not entitled to relief, the court shall order its summary dismissal and cause the movant to be notified.

**PROCEDURAL HISTORY**

On September 5, 1991, following a jury trial, Defendant was convicted of one count of attempt/conspiracy to distribute "crack cocaine," in violation of 21 U.S.C. § 846, and two counts of interstate and foreign travel in aid of racketeering, in violation of 18 U.S.C. § 1952(a)(3). (# 42). On December 2, 1991, Defendant was sentenced to serve 262 months of imprisonment, followed by a five-year term of supervised release. A Judgment to that effect was entered on December 4, 1991. (# 46). At the time of his conviction and sentencing, Defendant was serving a state sentence. He was returned to state custody, where he remained until June 26, 2006, when he began serving his federal sentence.

Defendant's motion states that he requested that his counsel, David F. Greene, file an appeal in the United States Court of Appeals for the Fourth Circuit. Defendant's motion further states that Mr. Greene represented to Defendant and his family that the appeal was pending. Defendant asserts that he was unaware that the appeal had been dismissed as untimely until some years later, when he inquired of the Court of Appeals as to the status of his appeal. However, Defendant does not specify when he learned that the appeal had been dismissed.

According to the district court docket sheet, a Notice of Appeal was filed in the district court on January 24, 1992, 51 days after the entry of judgment. (# 48). The appeal was assigned

Appeal No. 92-5102.  (# 55).

According to the docket sheet of the United States Court of Appeals for the Fourth Circuit, on February 25, 1992, the United States of America filed a motion to dismiss the appeal.  On March 16, 1992, the Court of Appeals granted the government's motion to dismiss the appeal as untimely.  A mandate issued on April 6, 1992. (United States v. Simons, No. 92-5102).

The Court of Appeals docket sheet further reflects that documents were received from Defendant/Appellant on September 20, 2002, which were rejected under Local Rule 40(d) of the Local Rules of the United States Court of Appeals for the Fourth Circuit. (Id.)  Local Rule 40(d) provides that the Clerk of the Court shall not receive motions or any other papers requesting further relief in a case after the time for filing a petition for rehearing has expired or after a petition for rehearing has been denied.  This entry suggests that Defendant was aware of the status of his appeal, at least as of September of 2002.

Defendant took no further action until he filed the instant section 2255 motion (# 70) on or about June 28, 2007.  Because Defendant's motion is untimely under 28 U.S.C. § 2255, and because he is not entitled to equitable tolling of the one-year period under section 2255, the United States has not been required to respond to the motion.

**ANALYSIS**

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion.  However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable  to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Because Defendant's judgment became final prior to the enactment of the AEDPA on April 24, 1996, he had one year from the date of enactment, or until April 24, 1997, to file a timely section 2255 motion.  Defendant did not file his section 2255 motion until June 28, 2007, over ten years later.  Thus, Defendant's motion is clearly untimely.

The AEDPA statute of limitations is subject to equitable tolling. See, *e.g.*, Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)(finding that § 2255 permits equitable tolling, relying on analysis of other circuits in cases construing § 2244). However, in Rouse v. Lee, the Fourth Circuit held that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." 339 F.3d 238, 246 (4th Cir. 2003); see also Harris v. Hutchinson, 209 F.3d 325, 329-330 (4th Cir. 2000)(equitable tolling should apply only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time).

Ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(Ignorance of the law, including existence of AEDPA, insufficient to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir, 1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation)." (# 12 at 8).

Even if Defendant asserts that the statute of limitations should be equitably tolled as a result of his attorney's failure to timely file his appeal, or his attorney's alleged misrepresentation

5

that the appeal was still pending, it would appear that Defendant was aware that the appeal had been dismissed as of September 20, 2002, when his subsequent papers were rejected by the Court of Appeals under Local Rule 40(d).  Defendant still waited almost five years from that date to file the instant motion.  Therefore, the undersigned proposes that the presiding District Judge **FIND** that Defendant is not entitled to equitable tolling of the statute of limitations, so as to make the present motion timely.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant's section 2255 motion is untimely under the AEDPA.  It is respectfully **RECOMMENDED** that Defendant's motion (# 70) be **DENIED** and that this civil action be dismissed with prejudice.

Defendant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Defendant shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the

portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney, Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Stalin Simon, and the United States Attorney's Office.

    July 25, 2007                                 *Mary E. Stanley*
          Date                                    Mary E. Stanley
                                                   United States Magistrate Judge