```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**STALIN SIMON,**

    Movant,

                                                                               Criminal Action No. 2:89-00262-01

v.                                                                Civil Action No. 2:07-00408

**UNITED STATES OF AMERICA,**

    Respondent.

<u>MEMORANDUM OPINION & ORDER</u>

Pending before the court is Stalin Simon's June 28, 2007, Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. Nos. 70-72.) By standing order and in accordance with 28 U.S.C. § 636(b)(1)(B), the motion was referred to Magistrate Judge R. Clarke VanDervort for Proposed Findings of Fact and Recommendation ("PF&R"). (Doc. No. 74.) On July 25, 2007, Magistrate Judge VanDervort submitted his PF&R. (Doc. No. 77.) There, he recommended that this court dismiss the motion as untimely, and remove the matter from the court's active docket. (<u>Id.</u>)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, to file any objections to the PF&R. (<u>Id.</u> at 6.) On August 8, 2007, before the statutorily allotted time period expired, Mr. Simon requested that the court enlarge the time to file objections. (Doc. No. 78.) This court granted Mr. Simon's request, in part, allowing him an additional fourteen days from August 10, 2007, to

file objections. (Doc. No. 79.) He submitted his timely objections to prison officials on August 23, 2007. (Doc. No. 80.) The same were filed with this court on August 27, 2007. (Id.)

Deeming it proper to do so pursuant to 28 U.S.C. § 636(b), the court has conducted a de novo review of the specific proposed findings and recommendations to which Mr. Simon has objected. For the reasons set forth below, the court overrules his objections.

## I. Background

On September 5, 1991, following a jury trial, Stalin Simon was convicted of one count of attempt/conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846, and two counts of interstate and foreign travel in aid of racketeering, in violation of 18 U.S.C. § 1952(a)(3). (Criminal Case No. 2:89-00262-01, Doc. No. 42.) On December 2, 1991, he was sentenced to 262 months imprisonment, followed by a five-year term of supervised release. (Criminal Case No. 2:89-00262-01, Doc. No. 46.) A final judgment to that effect was entered on December 4, 1991. (Id.) Upon sentencing, Mr. Simon returned to the Southeast Correctional Institute (Lancaster, Ohio) where he was serving a state sentence. (Criminal Case No. 2:89-00262-01, Doc. No. 47.)

On January 24, 1992, fifty-one (51) days after final judgment was entered, Stalin Simon, by counsel David F. Greene, filed a Notice of Appeal with the district court. (Criminal Case No. 2:89-00262-01, Doc. No. 48.) Although the Notice of Appeal was tardy, Judge Haden entered an Order allowing Mr. Simon to proceed with the appeal, and appointed David F. Greene as appellate counsel. (Criminal Case No. 2:89-00262-01, Doc. No. 49.) Judge Haden's Order was entered on January 31, 1992. (Id.)

The appeal proceeded until March 18, 1992, when the United States Court of Appeals for the Fourth Circuit, after considering the United States' Motion to Dismiss and Mr. Simon's Response in Opposition, dismissed Mr. Simon's appeal. (Criminal Case No. 2:89-00262-01, Doc. No. 58.)

On June 28, 2007, approximately fifteen years after his appeal was dismissed, Mr. Simon filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. Nos. 70-72.)

## II. Analysis

Prior to 1996, a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation. However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), which established a one-year period of limitations governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, Mr. Simon's judgment of conviction was final well before enactment of the AEDPA. In situations such as this, where a prisoner's right to relief under 28 U.S.C. § 2255 accrued prior to enactment of the AEDPA, the Fourth Circuit has held that the time period within which a prisoner may bring his or her § 2255 motion is one year from the AEDPA's effective date. See Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000); Brown v. Angelone, 150 F.3d 370, 374-75 (4th Cir. 1998). Thus, Mr. Simon had one year from April 24, 1996, to file his § 2255 motion. He did not file the motion until June 28, 2007, over ten years after the April 24, 1997, deadline passed. (Doc. Nos. 70-72.)

In his own defense, Mr. Simon alleges, inter alia, that the following obstacles prevented him from timely filing the instant motion: he was not informed when his appeal was dismissed; and he wrote several letters to David F. Greene, his legal counsel, inquiring into the status of his appeal, but Mr. Greene did not respond until sometime in 1998, well after the AEDPA's one-year limitations period had expired.[1] (Doc. No. 80.) Essentially, Mr. Simon argues that these obstacles prevented him from filing the instant § 2255 motion by April 24, 1997, and accordingly this court should toll the AEDPA's one-year limitations period beyond that date.

It is true that under certain circumstances the AEDPA's statute of limitations may be subject to equitable tolling. See, e.g., Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000); United States v. Prescott, 221 F.3d 686, 687-88 (4th Cir. 2000). The Fourth Circuit has consistently held that a party seeking to avail itself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. Rouse

---

[1] Mr. Simon lists several other obstacles which he claims prevented him from filing the instant motion timely. These alleged obstacles, however, all occurred well after April 24, 1997, the time at which the one-year limitations period expired. Because this court finds that the events occurring prior to January 1, 1998, do not warrant a tolling of the one-year limitations period, all obstacles alleged to have occurred after that date are irrelevant.

-5-

v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)(en banc), cert. denied, 541 U.S. 905 (2004). Additionally, the movant must show that he employed reasonable diligence in investigating and bringing his claims. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)(a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way).

Based on the requisite standard[2], Mr. Simon has failed to set forth allegations which would justify tolling the AEDPA's one-year limitations period in this case. His efforts to determine the status of his appeal were not reasonably diligent. Besides limited attempts to contact legal counsel, Mr. Simon made no effort, between March 18, 1992, and January 1, 1998, to independently determine the status of his appeal.[3] Indeed, he

---

[2] Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) (principles of equitable tolling do not extend to garden variety claims of excusable neglect); Rouse, 339 F.3d at 246 (equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitations period against the party and gross injustice would result.").

[3] Mr. Simon alleges that, in 1998, Mr. Greene led him to believe his appeal was still pending. In the seventy months prior to this date, however, Mr. Simon did not make even the slightest effort to contact either the district court or the court of appeals. Failure to make such a simple inquiry is by no means diligent. Because the court finds that Mr. Simon's efforts between March 18, 1992, and January 1, 1998, were not diligent, and therefore do not warrant tolling of the one-year limitations period, the court need not consider any obstacles alleged to have

-6-

did not attempt to contact the district court or the court of appeals, nor has he alleged that any extraordinary circumstance prevented him from contacting those courts.

Undoubtably, this failure was due to his ignorance of the AEDPA's one-year limitations period. Nonetheless, as Magistrate Judge VanDervort correctly identified, ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F. 3d 1217, 1220 (10th Cir. 2000).

Under similar circumstances other district courts have refused to toll the AEDPA's one-year limitations period. Marengo v. Conway, 342 F. Supp. 2d 222, 230 (S.D.N.Y. 2004) (failure to notify defendant that court had denied his motion for leave to appeal was not obstacle that warranted equitable tolling where defendant waited almost 19 months to inquire into the status of his appeal); Rodriguez v. People, No. 01-9374, 2003 WL 289598 at *17 (S.D.N.Y. Feb. 11, 2003) (unpublished decision)(equitable tolling not appropriate, even though attorney failed to file notice of appeal, where it was not reasonably diligent for the defendant to wait over 18 months before inquiring into the status of his appeal); Ferguson v. Mantello, No. 00-2098, 2002 WL 1721140 at *2 (S.D.N.Y. Nov. 16, 2000)(unpublished decision)(holding lack of notice to be an insufficient basis for

---

occurred after January 1, 1998. Any obstacles alleged to have occurred during that time frame are irrelevant to this matter.

equitable tolling where the petitioner did not inquire into the status of the appeal until 18 months after leave was denied); Plowden v. Romine, 78 F. Supp. 2d 115, 119 (E.D.N.Y. 1999)(dismissing habeas petition despite lack of notice because petitioner allowed 17 months to elapse before inquiring into status of appeal).

### III. Conclusion

Because Mr. Simon has not demonstrated that his motion is timely filed, the court, in an accompanying Judgment Order, **DISMISSES** Mr. Simon's Motion to Vacate, Set Aside, or Correct Sentence. The court further **ACCEPTS** the findings and conclusions contained in Magistrate Judge VanDervort's Proposed Findings and Recommendation (Doc. No. 77), **OVERRULES** Mr. Simon's objections thereto (Doc. No. 80), and **DIRECTS** the Clerk to remove this matter from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to all counsel of record and movant, pro se.

It is **SO ORDERED** this 24th day of October, 2007.

> ENTER:
>
> David A. Faber
> United States District Judge